UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Anthony Favors,<br><br>  Plaintiff,<br><br>v.<br><br>Kristi Mike et al.,<br><br>  Defendants. | Case No. 20-cv-00365 (SRN/DTS)<br><br><br>**ORDER** |

Joseph Anthony Favors, St. Peter Regional Treatment Center, 100 Freeman Drive, St. Peter, MN 56082, Pro Se.

Molly Beckius, Office of the Minnesota Attorney General, 445 Minnesota Street, Suite 1400, St. Paul, MN 55101, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on several motions filed by the parties. Plaintiff Joseph Favors is a civilly committed patient in the Minnesota Sex Offender Program ("MSOP"). Favors brought this lawsuit against numerous MSOP officials, the Commissioner of the Minnesota Department of Human Services, and the Minnesota Attorney General (collectively, "Defendants"), alleging that Defendants retaliated against him in violation of the First, Eighth, and Fourteenth Amendments to the United States Constitution as well as several Minnesota statutes. Defendants filed a Motion to Dismiss [Doc. No. 24]. Subsequently, Favors moved the Court to deny Defendants' motion [Doc. No. 38], moved to supplement the pleadings [Doc. Nos. 50, 67], and filed a motion styled as a "Motion for Jury Trial Demand" [Doc. No. 54].

1

In addition, Favors filed a Motion for a Temporary Restraining Order ("TRO") [Doc. No. 31], which this Court referred to Magistrate Judge David T. Schultz for a Report and Recommendation ("R&R") [Doc. No. 76]. The magistrate judge recommended that the Court deny Favors' Motion for a TRO, and Favors filed an Objection [Doc. No. 77] to that recommendation. Favors subsequently filed an "Affidavit of Plaintiff for Temporary Restraining Order" [Doc. No. 85] with an accompanying "supplemental memorandum," which this Court will construe as a supplement to Favors' Objection to the R&R.

Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** Defendants' Motion to Dismiss [Doc. No. 24], **OVERRULES** Favors' Objection [Doc. Nos. 77, 85] and **ADOPTS** the R&R [Doc. No. 76], **DENIES** Favors' Motion for a TRO [Doc. No. 31], Motion to Deny the Motion to Dismiss [Doc. No. 38], and Motions to Supplement the Pleadings [Doc. Nos. 50, 67], and **DENIES as moot** Favors' Motion for Jury Trial Demand [Doc. No. 54].

## I.    BACKGROUND

Favors is civilly committed to MSOP and resides at its Community Preparation Services facility in St. Peter, Minnesota. (Third Am. Compl. [Doc. No. 10], at 4.)[1] Favors

---

[1] At the outset, the Court must briefly address which pleading is operative in this matter. After filing his Complaint [Doc. No. 1], Favors filed a First Amended Complaint [Doc. No. 3] as a matter of right under Federal Rule of Civil Procedure 15(a). Favors then filed a Second Amended Complaint [Doc. No. 6]. In an April 8, 2020 Order, the Court noted that Favors had not sought permission to file the Second Amended Complaint, and stated that the First Amended Complaint continued to be the operative pleading. (Order [Doc. No. 7].) That Order permitted Favors to file a motion for leave to amend. Favors then filed a Motion to Amend the Complaint, but did not include the proposed Third Amended Complaint. (Mot. for Leave to Amend [Doc. No. 8].) Favors subsequently filed the proposed Third Amended Complaint [Doc. No. 10]. The Court granted Favors' Motion to

2

alleges that during his time at MSOP, he became attracted to one of his peers, M.R.[2] (*Id.* at 20; *see id.*, Ex. 7, at 11-12.) Favors allegedly became concerned that two other peers, H.R. and J.G., were sexually exploiting M.R., and reported this perceived exploitation to MSOP counselors and other officials on several occasions. (*See id.* at 7-10; *id.*, Exs. 1-3, 5-7.)

Favors alleges that MSOP officials retaliated against him for his reports by, *inter alia*, placing Favors on an Individual Program Plan to provide additional treatment related to his attraction to M.R., requiring Favors to develop a written Safety Plan outlining steps he could take to effectively manage his attraction, refusing to increase Favors' treatment scores, and declining Favors' request to transfer to a unit away from M.R., H.R., and J.G. (*Id.* at 10-15.) Favors claims that Defendants' conduct constitutes "common law retaliation and harassment," retaliation in violation of the First Amendment, deliberate indifference

---

Amend and recognized the proposed Third Amended Complaint as the operative pleading in a June 24, 2020 Order. (Order [Doc. No. 14].)

Later, the magistrate judge issued an Order striking the Second and Third Amended Complaints. (Order [Doc. No. 75].) The magistrate judge noted that Favors had filed multiple amended complaints without leave of the Court or the consent of the opposing party, in violation of Rule 15. (*Id.* at 4 n.2.) Because the Court had previously granted Favors' Motion for Leave to Amend and recognized the Third Amended Complaint as the operative pleading, the Court respectfully reverses the magistrate judge's order insofar as it strikes the Third Amended Complaint. *See* Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(3) ("The district judge must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law. The district judge may also reconsider on his or her own any matter decided by the magistrate judge but not objected to."). Accordingly, the Court will treat the Third Amended Complaint as the operative pleading.

[2] The Court refers to Favors' peers using the initials given in the Third Amended Complaint.

in violation of the Eighth and Fourteenth Amendments, and a violation of several Minnesota statutes. (*Id.* at 5, 35-38.) Favors seeks various forms of money damages—including compensatory and punitive damages, an award of Favors' "cost for care," and attorney's fees—against each of the Defendants in their official and individual capacities. (*Id.* at 41.)

During the pendency of this litigation, Favors filed a Motion for a TRO enjoining MSOP officials from placing Favors in the same living unit as several identified MSOP clients, including H.R. and J.G. (Mot. for TRO [Doc. No. 31].) The Court referred this motion to Magistrate Judge Schultz for a report and recommendation. In the November 17, 2020 R&R, the magistrate judge treated the motion as a Motion for a Preliminary Injunction, found that Favors had not demonstrated "an imminent threat to his health or safety such that there is a clear and present need for" the "extraordinary equitable relief" of a preliminary injunction, and recommended that the motion be denied. (R&R at 8.) Favors filed an Objection, which largely restated the bases for Favors' initial TRO motion. (*See* Obj. [Doc. No. 77], at 1-10.) The Objection also challenges the magistrate judge's characterization of the record, and offers additional arguments and allegations related to Defendants' alleged retaliation against Favors in response to his grievances. (*Id.* at 10-16.)

After filing his Objection, Favors filed a second document styled as an "Affidavit of Plaintiff for Temporary Restraining Order." (Mot. (Aff.) for TRO [Doc. No. 85].) Favors filed a "supplemental memorandum" alongside that document, asserting that MSOP had since moved H.R. and J.G. into the same living unit as Favors. (Suppl. Mem. in Supp. of TRO [Doc. No. 86].) The memorandum also describes additional conflicts between Favors

4

and H.R. and J.G. occurring after the R&R, focused on additional relationships Favors perceives between his peers. (*Id.* at 4-6.) The Court will consider Favors' affidavit and supplemental memorandum as supplements to Favors' Objection to the R&R.

## II. DISCUSSION

### A. Motion to Dismiss

The Court begins with Defendants' Motion to Dismiss the Third Amended Complaint. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), asserting that Favors has not plausibly alleged violations of the First, Eighth, and Fourteenth Amendments, and that Favors' claims against Defendants are barred by Eleventh Amendment sovereign immunity and qualified immunity. For the reasons below, the Court finds that Favors' federal law claims are barred by the Eleventh Amendment and qualified immunity, and the Court declines to exercise supplemental jurisdiction over Favors' remaining state law claims.

#### 1. Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the facts alleged in the complaint as true, and views those allegations in the light most favorable to the plaintiff. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). However, the Court need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Id.* To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right

to relief above the speculative level." *Id.* at 555. Where a motion to dismiss is based on an affirmative defense, such as qualified immunity, the moving party must show that it is entitled to the defense on the face of the complaint. *Dadd v. Anoka Cty.*, 827 F.3d 749, 754 (8th Cir. 2016).

Insofar as Defendants invoke sovereign immunity under the Eleventh Amendment, Defendants' motion is properly analyzed under Rule 12(b)(1). *See United States v. Minnesota Transitions Charter Sch.*, 50 F. Supp. 3d 1106, 1111 (D. Minn. 2014) (evaluating a motion to dismiss premised on Eleventh Amendment immunity under Rule 12(b)(1) because the application of Eleventh Amendment immunity would deprive the Court of jurisdiction). Where the defendant argues that the facts alleged in the complaint fail to establish subject-matter jurisdiction—as Defendants' invocation of the Eleventh Amendment asserts here—the plaintiff is afforded similar safeguards as in a Rule 12(b)(6) motion. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Namely, the Court must "accept as true all factual allegations in the complaint, giving no effect to conclusory allegations of law," and determine whether the plaintiff's alleged facts "affirmatively and plausibly suggest" that jurisdiction exists. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). The Court's review is limited to the face of the pleadings. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015).

Because Favors is proceeding pro se, the Court liberally construes the Third Amended Complaint. *Kaylor v. Fields*, 661 F.2d 1177, 1182–83 (8th Cir. 1981) ("[P]leadings in civil-rights cases, especially those brought pro se, are to be liberally construed.").

### 2. Eleventh Amendment Immunity

As noted above, Favors filed this lawsuit against Defendants in both their individual and official capacities. Favors claims that Defendants are liable under 42 U.S.C. § 1983 for violations of Favors' First, Eighth, and Fourteenth Amendment rights. (Third Am. Compl. 5.) In his prayer for relief, Favors requests various forms of money damages, including compensatory and punitive damages, an award of Favors' "cost for care," and attorney's fees. (*Id.* at 41.)

"The Eleventh Amendment immunizes an unconsenting State from damage actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action." *Hadley v. N. Arkansas Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Congress did not abrogate Eleventh Amendment immunity in § 1983 cases. *Id.* Consequently, "the Eleventh Amendment prohibits recovery of damages under 42 U.S.C. § 1983 against a state officer in his or her official capacity." *Flores v. Moser*, No. 16-CV-1860-ADM-KMM, 2019 WL 2016789, at *4 (D. Minn. Jan. 7, 2019) (adopting report and recommendation) (collecting authorities). There is no indication in the record that the State of Minnesota has waived its Eleventh Amendment immunity in this case. Favors' § 1983 claims for money damages against the Defendants—who are various MSOP officials, the Commissioner of the Minnesota Department of Human Services, and the Minnesota Attorney General—in their official capacities are, therefore, barred by the Eleventh Amendment. *See Daywitt v. Minnesota*, No. CIV. 14-4526 MJD/LIB, 2015 WL 4094199, at *10 (D. Minn. July 6, 2015) (adopting report and recommendation) (holding that MSOP officials are state officials entitled to Eleventh Amendment immunity).

Accordingly, the Court grants Defendants' Motion to Dismiss with respect to Favors' First, Eighth, and Fourteenth Amendment claims brought against Defendants in their official capacities.

### 3. Qualified Immunity

Similarly, the Court finds that Favors' First, Eighth, and Fourteenth Amendment claims against Defendants in their individual capacities are barred by qualified immunity. Qualified immunity protects government officers from § 1983 liability in their individual capacities "unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009). Thus, the Court must perform a two-part analysis to determine if qualified immunity applies: (1) decide whether the facts show the violation of a constitutional or statutory right, and (2) determine whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). The Court may analyze either step first. *Id.* at 236. Qualified immunity "is an *immunity from suit* rather than a mere defense to liability . . . [and] it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Assuming, without deciding, that the alleged retaliatory acts by MSOP officials violated Favors' constitutional rights, the Court finds that such constitutional rights were not "clearly established" such that "a reasonable person would have known" Defendants' conduct violated Favors' constitutional rights. *Brown*, 574 F.3d at 495. A government official "cannot be said to have violated a clearly established right unless the right's

8

contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014)). Although the law "does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 1152 (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)).

Here, Favors alleges that Defendants violated his constitutional rights by subjecting him to additional treatment following his admission of affection toward one of his peers and his reports to MSOP officials alleging the sexual exploitation of that peer by H.R. and J.G., that Defendants refused to increase Favors' treatment scores, and that Defendants denied Favors' requests to transfer to a different living unit. Favors has not identified, and the Court has not found, any case law holding that such allegations constitute violations of Favors' constitutional rights—let alone sufficiently definite case law as to put "any reasonable official in the defendant's shoes" on notice. *Id.* at 1153.

Accordingly, the Court grants Defendants' Motion to Dismiss with respect to Favors' First, Eighth, and Fourteenth Amendment claims brought against Defendants in their individual capacities.

### 4. Supplemental Jurisdiction

Having concluded that Favors' federal claims must be dismissed, the Court must determine whether to exercise supplemental jurisdiction over Favors' remaining state law claims. "Pursuant to 28 U.S.C. § 1367(c)(3), a court may 'decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it

has original jurisdiction.' Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed." *Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005) (quoting 28 U.S.C. § 1367(c)). Because only state law claims remain, the Court declines to exercise supplemental jurisdiction and therefore dismisses the Third Amended Complaint in its entirety.[3] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

## B. Motion for a Temporary Restraining Order

The Court next considers Favors' Motion for a TRO. In the R&R, the magistrate judge found that Favors had not demonstrated "an imminent threat to his health or safety such that there is a clear and present need for" the "extraordinary equitable relief" of a preliminary injunction, and recommended that the motion be denied. (R&R at 8.) In his Objection, Favors largely restates the bases for Favors' initial TRO motion, and offers additional arguments and allegations related to his underlying allegations of unconstitutional retaliation by Defendants. (*See generally* Obj.) Favors also filed a supplemental memorandum asserting that, after the magistrate judge issued the R&R,

---

[3] Because the Court grants Defendants' Motion to Dismiss, the Court denies Favors' Motion to Deny the Motion to Dismiss [Doc. No. 38] and denies as moot Favors' Motion for Jury Trial Demand [Doc. No. 54].

MSOP moved H.R. and J.G. into the same living unit as Favors. (Suppl. Mem. in Supp. of TRO.) The memorandum describes additional conflicts between Favors and H.R. and J.G., focused on the relationships Favors perceives between his peers. (*See id.* at 4-6.)

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

Favors has not raised specific objections to the R&R, but has instead re-asserted the same arguments presented to the magistrate judge. The Court has carefully considered those arguments and the record before it, and concludes that the magistrate judge did not clearly err in finding that Favors has not established that living in the same unit as H.R., J.G., and the other individuals identified in the TRO motion presents an imminent threat to Favors' health or safety. The additional facts alleged in Favors' supplemental memorandum similarly do not indicate the type of irreparable harm warranting the extraordinary remedy of a preliminary injunction. Accordingly, the Court overrules Favors' Objection, adopts the R&R, and denies the Motion for a TRO.

### C. Motions to Supplement the Pleadings

Finally, the Court considers Favors' Motions to Supplement the Pleadings. In the first motion, Favors identified additional alleged acts of retaliation by MSOP officials and

requested that those acts be considered as part of the Third Amended Complaint. (*See* Mem. in Supp. of First Mot. to Suppl. Pleadings [Doc. No. 51].) In the second motion, Favors identified additional facts pertaining to his motion for a TRO. (*See* Mem. in Supp. of Second Mot. to Suppl. Pleadings [Doc. No. 69].)

Federal Rule of Civil Procedure 15(d) provides that a Court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The decision whether to permit a party to supplement the pleadings is committed to the broad discretion of the district court. *Minnesota Min. & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960). If supplementing the pleadings would be futile, the court may deny the motion. *See U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) ("Futility is a valid basis for denying leave to amend [under Rule 15(a)]."); *Fair Isaac Corp. v. Experian Info. Sols. Inc.*, No. CV 06-4112 (ADM/JSM), 2009 WL 10677527, at *14 n.7 (D. Minn. Feb. 9, 2009) ("Motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard.").

The Court finds that Favors' Motions to Supplement the Pleadings would be futile. With respect to the first motion, Favors' additional allegations do not overcome Defendants' invocation of Eleventh Amendment immunity and qualified immunity. And with respect to the second motion, the Court concludes that the additional facts averred do not establish the threat of irreparable harm required to warrant a preliminary injunction. Accordingly, the Court denies Favors' Motions to Supplement the Pleadings.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Doc. No. 24] is **GRANTED**;

2. Plaintiff's Objection [Doc. Nos. 77, 85] is **OVERRULED**, and the November 17, 2020 Report and Recommendation [Doc. No. 76] is **ADOPTED**;

3. Plaintiff's Motion for a Temporary Restraining Order [Doc. No. 31] is **DENIED**;

4. Plaintiff's Motion to Deny Defendants' Motion to Dismiss [Doc. No. 38] is **DENIED**;

5. Plaintiff's Motions to Supplement the Pleadings [Doc. Nos. 50, 67] are **DENIED**;

6. Plaintiff's Motion for Jury Trial Demand [Doc. No. 54] is **DENIED as moot**; and

7. The November 17, 2020 Order [Doc. No. 75] is **REVERSED in part**, insofar as it strikes the Third Amended Complaint [Doc. No. 10].

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 22, 2021                                              s/Susan Richard Nelson
                                                                     SUSAN RICHARD NELSON
                                                                     United States District Judge